# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | ) | |
| **Jane B. Jones** | ) | Chapter 13 |
| | ) | Case No 19-13107-MDC |
| **Jane B. Jones, Plaintiff** | ) | |
| v. | | |
| **Carisbrook Asset Holding Trust** | ) | Adversary No |
| c/o Roundpoint Mortgage Servicing | | |
| **Corporation, Defendant** | ) | |

### DEBTOR'S COMPLAINT TO DETERMINE THE VALUE AND EXTENT OF LIEN OF

### CARISROOK ASSET HOLDING TRUS

This Complaint is filed by Debtor, Jane B. Jones, in the above captioned chapter 13 case pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 and 9014 to obtain an order to determine the value of real property and the extent Carisrook Asset Holding's lien. In support of the Complaint, Debtors state as follows:

1. The debtor commenced this case on May 13, 2019 with the filing of a petition for relief under Chapter 13 of the Bankruptcy Code.
2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157 (b)(2)K. This is a core proceeding.
3. As described more fully in Schedule A, Debtor owns a principal residence located at 614 Felton Avenue Sharon Hill, PA 19079, (hereinafter "Subject Property").
4. Carisrook holds a matured, mortgage lien against the Subject Property.

5. Lender filed a proof of claim for $116,294.60. A copy of proof of claim No. 4 is attached as Exhibit "A".

6. Debtor proposes to pay Lender $65,000 as a total payoff based on the value of the property.

7. Debtor maintains that she has a statutory right to modify Lender's mortgage under the joint operation of Sections 1322(c)(2), 1325(a)(5)(B), and 11 USC 506(a) and to pay the present value of the property in full.

**FRBP 3012: valuation**

8. Rule 3012 implements section 11 USC 506(a) and provides that the court may "determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest." FRBP 3012.

9. **Debtor seeks a determination that the value of the property is $65,000 based on the condition of the property and neighborhood. A copy of an appraisal is attached hereto as Exhibit "B".**

10. **Based on the condition, the property is worth $65,000.**

11  SC 1322(c)(2) exception to anti-modification clause

11. 11 USC 1322(c)(2) specifically exempts fully accelerated mortgages if the last payment under the terms of the original contract falls due before the end of the plan.

12. Several courts have permitted debtors to modify a mortgage's claim, including bifurcation and cramdown. According to a leading bankruptcy treatise:

> Section 1322(c)(2) is controversial with respect to what a Chapter 13 debtor can do with a home mortgage that falls within its reach. Section

1322(c)(2) begins, "Notwithstanding subsection (b)(2) and applicable nonbankruptcy law . . ." The subsection (b)(2) cross-reference is 11 U.S.C. § 1322(b)(2)–the section of the Code that prohibits modification of claims secured only by real property that is the debtor's principal residence. On its face, § 1322(c)(2) is an exception to the anti-modification provision of § 1322(b)(2). Any home mortgage within its reach can be modified by a Chapter 13 plan in the usual ways permitted by the Bankruptcy Code– including bifurcation and cramdown, consistent with § 1325(a)(5). **This interpretation of § 1322(c)(2) renders 1322 (b)(2) and *Nobelman* inapplicable to home mortgages on which the "last payment on the original payment schedule" is due before the final payment under the plan.** This outcome was convincingly defended in *In re Young* [199 B.R. 643 (Bankr. E.D. Tenn. 1996)] and has been embraced by a majority of courts, including the U.S. Court of Appeals for the Eleventh Circuit [in *American Gen. Fin., Inc. V. Paschen (In re Paschen)*, 296 F.3d 1203 (11th Cir. 2002)].[1]

---

[1] See also In re Eubanks, 219 B.R. 468, (6th Cir. 199), In re Reeves, 221 B.R. 756 (Bankr. C.D. Ill. 1998) (Section 1322(c)(2) creates a narrow exception to the protection from modification in § 1322(b)(2) that includes the power to "bifurcate" or split undersecured claims within its reach, consistent with § 1325(a)(5).) See also, In re Mattson, 210 B.R.157 (Bankr. D. Minn. 1997), two instances where courts, relying on the analysis in the *Young* opinion, found that § 1322(c)(2) permits the bifurcation of an

>Lundin, Keith M., CHAPTER 13 BANKRUPTCY, vol. 2, § 143.1 at 143-8 (*emphasis added*).

13. In <u>In re Young</u>, the Court reasoned

>Literal application of § 1322(c)(2) in the manner proposed by the debtors does not produce a result that is "demonstrably at odds with the intention of the drafters." Instead, it only produces a result for which there is no expressed intent in the statute's legislative history. Because §1322(c)(2)'s plain meaning does not conflict with any stated intention of Congress or run counter to any other section of the Bankruptcy Code, the statute must be applied as written. . .

>This court realizes that the literal application of § 1322(c)(2) will permit the "cramdown" of not only short-term mortgages (less than five years) and balloon payments, but also the traditional long-term mortgages (15, 20, 25, or 30 years) which have less than five years remaining under the terms of the loan. **However, if Congress had intended to limit §1322(c)(2) to short-term mortgages or to short-term mortgages that balloon or mature prepetition as [the creditor] contends, it could have simply stated so.**

>In re Young, 199 BR at 653 (emphasis added).

---

undersecured mortgage on a Chapter 13 debtor's principal residence when the last payment on the original payment schedule is due before the final payment under the plan is due. See further, In re Latimer, 395 B.R. 304, Bkrtcy.W.D.N.Y.,2008.

14. Debtors with inherited property have successfully modified reverse mortgages to pay the present value in other cases.  See, e.g.  Fannie Mae v. Griffin (*In re Griffin*), 2013 Bankr. LEXIS 990 (Bankr. D. Md. Mar. 15, 2013); In re Wilcox, 209 B.R. 181, 183 (Bankr. E.D.N.Y. 1996); *In re* Domingue, 2012 Bankr. LEXIS 4182 (Bankr. S.D. Tex. Sept. 10, 2012) (same); *In re Hutcherson*, 186 B.R. 546 (Bankr. N.D. Ga. 1995) (same).  If reverse mortgages can pay present value, then any mortgage that matures, including debtor's, can as well.  Debtor respectfully requests that this Court adopt the legal analysis of § 1322(c)(2) in the *Young, Paschen* and similar cases and find that § 1322(c)(2) permits the modification of **any** mortgage on a Chapter 13 debtor's principal residence when the mortgage matured.

15. Here, Debtor's mortgage matured. Therefore, the secured portion is $65,000.

For the foregoing reasons, Debtor respectfully requests that this Court enter the attached order.

Dated: 12/18/2019                             RESPECTFULLY SUBMITTED,

                                    By:     /s/ Michelle Lee
                                            Michelle Lee, Esquire 202229
                                            Georgette Miller & Associates, P.C.
                                            119 South Easton Road
                                            Glenside, PA 19038