## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Jane B. Jones, | CHAPTER 13 |
| Debtor | Bankruptcy Case No. 19-13107 (MDC) |
| Jane B. Jones, | Adversary Case No. 19-00247 (MDC) |
| Plaintiff | |
| | L.B.F. 9014-3 |
| v. | |
| Carisbrook Asset Holding Trust c/o RoundPoint Mortgage Servicing Corporation. | |
| Defendant | |

## NOTICE OF MOTION, RESPONSE DEADLINE, AND HEARING DATE

Defendant, Carisbrook Asset Holding Trust c/o RoundPoint Mortgage Servicing Corporation ("RoundPoint"), has filed a Motion to Dismiss Plaintiff's Adversary Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) with the Court seeking a dismissal of Plaintiff's Complaint in its entirety, with prejudice.

1. **Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may with to consult an attorney).**

2. **If you do not want the court to grant the relief sought in the Motion** or if you want the court to consider your views on the Motion, then on or before **February 12, 2020 you or your attorney must file a response to the Motion**. (*see Instructions on next page*).

3. Pursuant to L.B.R. 7005-1, RoundPoint shall not obtain a hearing date under L.B.R. 9014(3)(c).

4. **If you do not file a response to the Motion**, the court may enter an order granting the relief requested in the Motion.

5. If a copy of the Motion is not enclosed, a copy of the Motion will be provided to you if you request a copy from the attorney whose name and address is listed on the next page of this Notice.

## **<u>Filing Instructions</u>**

6. **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically.

7. **If you are not required to file electronically**, you must file your response at: N/A.

8. **If you mail your response** to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

9. On the same day that you file or mail your Response to the Motion, you must mail or deliver a copy of the Response to the movant's attorney:

> Thomas M. Brodowski, Esq.
> Blank Rome LLP
> 130 N. 18th St.
> Philadelphia, PA 19103
> Tel: 215-569-5500
> Fax: 215-569-5555
> TBrodowski@BlankRome.com

Date: January 22, 2020

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:   Jane B. Jones, | CHAPTER 13 |
| Debtor | |
| Jane B. Jones, | Bankruptcy Case No. 19-13107 (MDC) |
| Plaintiff | |
| v. | Adversary Case No. 19-00247 (MDC) |
| Carisbrook Asset Holding Trust c/o RoundPoint Mortgage Servicing Corporation. | |
| Defendant | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
ADVERSARY COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Carisbrook Asset Holding Trust c/o RoundPoint Mortgage Servicing Corporation ("RoundPoint"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, hereby moves to dismiss the Complaint filed by Debtor-Plaintiff, Jane B. Jones ("Plaintiff").  In support of this Motion, RoundPoint relies on and incorporates the accompanying Brief in Support of its Motion to Dismiss Complaint Amended Complaint filed by Plaintiff, Evelyn Rivera ("Rivera" or "Plaintiff").  Defendants rely on and incorporate the accompanying Memorandum of Law in support of their Motion.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Thomas M. Brodowski*
Thomas M. Brodowski, Esquire
One Logan Square
130 North 18th Street

Philadelphia, PA 19103
Tel. (215) 569-5500
Fax. (215) 569-5555
Email: TBrodowski@BlankRome.com

Dated:  January 22, 2020

*Counsel for Defendant,*
*Carisbrook Asset Holding Trust c/o*
*RoundPoint Mortgage Servicing*
*Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Jane B. Jones, | CHAPTER 13 |
| Debtor | Bankruptcy Case No. 19-13107 (MDC) |
| Jane B. Jones, | Adversary Case No. 19-00247 (MDC) |
| Plaintiff | |
| v. | |
| Carisbrook Asset Holding Trust c/o RoundPoint Mortgage Servicing Corporation. | |
| Defendant | |

### DEFENDANT'S BRIEF
### IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**BLANK ROME LLP**

Thomas M. Brodowski
130 North 18th Street
Philadelphia, PA 19103
215-569-5589
215-231-0048
TBrodowski@BlankRome.com

*Attorneys for RoundPoint Mortgage Servicing Corporation*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................1

II.    BACKGROUND AND PROCEDURAL HISTORY.........................................2

    A.    The Mortgage Loan and Foreclosure Action ...........................................2

    B.    The Bankruptcy Case and Adversary Complaint......................................3

III.    STANDARD OF REVIEW ......................................................................4

    A.    Rule 12(b)(1) Subject Matter Jurisdiction ...............................................4

    B.    Standard For Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)...........................5

IV.    LEGAL ARGUMENT...........................................................................5

    A.    The Rooker-Feldman and Res Judicata Doctrines Bar Plaintiff's Complaint .........6

        1.    The Rooker-Feldman Doctrine ....................................................6

        2.    The Res Judicata Doctrine .......................................................10

    B.    The Anti-Modification Exception Set Forth In 11 U.S.C. § 1322(c)(2)
Does Not Apply In This Case. ...............................................................12

V.    CONCLUSION...................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*,
    40 F.3d 1416 (3d Cir. 1994)................................................................10

*American Gen. Fin., Inc. v. Paschen* (*In re Paschen*),
    296 F.3d 1203 (11th Cir. 2002) .........................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................5

*Balent v. City of Wilkes-Barre*,
    669 A.2d 309 (Pa. 1995)....................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................5

*Daley v. A.W. Chesterton, Inc.*,
    614 Pa. 335, 37 A.3d 1175 (Pa. 2012) .............................................10

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)...................6

*FOCUS v. Allegheny County Court of Common Pleas*,
    75 F.3d 834 (3d Cir. 1996)..................................................................6

*Gage v. Wells Fargo Bank, N.A.*,
    521 Fed. Appx. 49 (3d Cir. 2013)........................................................7

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*,
    615 F.3d 159 (3d Cir. 2010)................................................................7

*In re Anderson*,
    458 B.R. 494 (Bankr. E.D. Wis. 2011) ............................................14

*In re Bernadin*,
    609 B.R. 26 (Bankr. E.D.Pa. 2019) .............................................14, 15

*In re Cohen-Harvin*,
    571 B.R. 672 (Bankr. E.D. Pa. 2017) ..............................................13

*In re Deitch*,
    533 B.R. 138 (E.D.Pa. 2015) ..............................................................8

*In re Dougal*,
    395 B.R. 880 (Bankr. W.D.Pa. 2008) ....................................................................................8

*In re Duran*,
    271 B.R. 888 (Bankr. D. Wy. 2001) ....................................................................................14

*In re Goione*,
    595 B.R. 477 (Bankr. D.N.J. 2019) ....................................................................................14

*In re Harland*,
    235 B.R. 769 (Bankr. E.D.Pa. 1999) ..................................................................................10

*In re Hinds-Santiago*,
    2015 WL 239211 (Bankr. S.D. Fla. Jan. 15, 2015) .............................................................14

*In re Knapper*,
    407 F.3d 573 (3d Cir. 2005)...................................................................................4, 6, 7, 9

*In re Madera*,
    586 F.3d 228 (3d Cir. 2009)..........................................................................................7, 8, 9

*In re Moran*,
    413 B.R. 168 (Bankr. D. Del. 2009) ..................................................................................10

*In re Razzi*,
    533 B.R. 469 (Bankr. E.D.Pa. 2015) ..................................................................................11

*In re Rowe*,
    239 B.R. 44 (Bankr. D.N.J. 1999) ......................................................................................15

*In re Stendardo*,
    991 F.2d 1089 (3d Cir. 1993)..............................................................................................13

*In re Stevenson*,
    615 Pa. 50, 40 A.3d 1212 (Pa.2012) ..................................................................................10

*In re Washington*,
    469 B.R. 587 (Bankr. W.D.Pa. 2012) ..................................................................................8

*In re Young*,
    199 B.R. 643 (Bankr. E.D. Tenn. 1996) .............................................................................13

*ITT Corp v. Intelnet Int'l Corp.*,
    366 F.3d 205 (3d Cir. 2004)..................................................................................................7

*Laychock v. Wells Fargo Home Mortgage*,
    399 Fed. Appx. 716 (3d Cir. 2010).......................................................................................7

iii

*Lewis v. PennyMac Corp.*,
  2016 WL 2901707 (D.N.J. May 18, 2016) ...................................................8

*Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*,
  587 Pa. 590, 902 A.2d 366 (Pa. 2006) ...................................................10

*McDonald v. City of West Branch*,
  466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) .............................9

*McTernan v. City of York*,
  577 F.3d 521 (3d Cir. 2009) ...................................................................5

*Moncrief v. Chase Manhattan Mortgage Corp.*,
  275 F. Appx. 149 (3d Cir.2008) ...............................................................8

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir.1993) ....................................................................2

*Phila. Fed 'n of Teachers v. Ridge*,
  150 F.3d 319, 323 (3d Cir. 1998) .............................................................4

*Phillips v. Cnty. Of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ....................................................................5

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
  288 F.3d 548 (3d Cir.2002) .....................................................................2

*R/S Financial Corp. v. Kovalchick*,
  552 Pa. 584, 716 A.2d 1228 (Pa.1998) ...................................................10

*Robinson Coal Co. v. Goodall*,
  72 A.3d 685 (Pa.Super.Ct. 2013) ............................................................11

*Rooker v. Fidelity Trust Co.*,
  263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ...................................6

*Sands v. McCormick*,
  502 F.3d 263 (3d Cir.2007) .....................................................................2

*Scheuer v. Rhoads*,
  416 U.S. 232 ..........................................................................................5

*Stewart v. Chase Bank*,
  2013 WL 4041963 (W.D.Pa. Aug. 8, 2013) ............................................8

*Stuart v. Decision One Mortg. Co., LLC*,
  975 A.2d 1151 (Pa.Super.Ct. 2009) ..................................................11, 12

iv

*U.S. Express Lines, Ltd. v. Higgins*,
    281 F.3d 383 (3d Cir.2002)......................................................................................2

*United States v. Weatherspoon*,
    696 F.3d 416 (3d Cir. 2012)...................................................................................4

**Statutes**

11 U.S.C. § 544.......................................................................................................9

11 U.S.C. § 1307(c)(1).........................................................................................15

11 U.S.C. § 1322(b)(2) ................................................................................. *passim*

11 U.S.C. § 1322(c)(2)................................................................................. *passim*

28 U.S.C. § 1334(b) .................................................................................................4

28 U.S.C. § 1738............................................................................................9, 10

**Other Authorities**

Bankruptcy Rule 7012 .......................................................................................1, 5

Fed. R. Civ. P. 12(b)(1)......................................................................................1, 4

Fed. R. Civ. P. 12(b)(6).................................................................................1, 5, 12

Defendant, RoundPoint Mortgage Servicing Corporation[1] ("RoundPoint"), by and through

undersigned counsel, hereby files this Brief in Support of its Motion to Dismiss Debtor's

Complaint to Determine the Value and Extent of Lien (the "Complaint"), filed by Jane B. Jones

("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated

by Federal Rule of Bankruptcy Procedure 7012.

## I.      PRELIMINARY STATEMENT

This case is a back-door attempt by Plaintiff to challenge the finality of a 2016 default

judgment (the "Judgment") entered against her, after she failed to do so in the underlying

foreclosure action (the "Foreclosure Action").  Plaintiff is obviously dissatisfied with the amount

of the Judgment, and now seeks to reduce that amount by "cramming down" RoundPoint's secured

claim.  Plaintiff is not entitled to any such relief, and her Complaint must be dismissed, with

prejudice, for the two key reasons explained below.

First, the amount of the default Judgment was conclusively determined – and undisputed

by Plaintiff – in the Foreclosure Action.  Thus, Plaintiff's current attempt to reduce the Judgment,

through the guise of an adversary proceeding, is barred by the *Rooker-Feldman* doctrine.

However, should this Court determine that it has jurisdiction to consider Plaintiff's excessively

late dispute (made almost ***three years*** after the underlying Judgment was entered), *res judicata*

also bars Plaintiff's Complaint, and requires its dismissal.

---

[1] To clarify, the underlying mortgage lien at issue was assigned from Carisbrook Asset Holding Trust ("Carisbrook") to Kingsmead Asset Holding Trust ("Kingsmead"), by virtue of an Assignment of Mortgage dated July 19, 2019 and recorded on July 29, 2019 (the "Kingsmead Assignment").  A copy of the recorded Kingsmead Assignment is attached hereto as Exhibit 3.  Prior to the Kingsmead Assignment, Carisbrook filed a proof of claim in the Plaintiff's Chapter 13 Case (*see* Plaintiff's Complaint, Ex. 4), which was subsequently transferred to RoundPoint on August 26, 2019. *See* Dkt. 24 in 19-13107 (MDC) case.  Upon information and belief, Plaintiff overlooked these public filings and mistakenly named "Carisbrook Asset Holding Trust" as the defendant in her adversary Complaint, instead of RoundPoint.  Therefore, for purposes of this Motion, the Defendant shall be referred to as RoundPoint.

Second, the Complaint ultimately seeks to impermissibly modify RoundPoint's proof of claim in violation of the anti-modification provision of 11 U.S.C. § 1322(b)(2). RoundPoint's claim is undisputedly secured by Plaintiff's principal residence, and therefore cannot be modified or "crammed down." Further, Plaintiff's apparent attempt to invoke § 1322(c)(2) as an exception to the anti-modification provision is misguided, and has no applicability to this case.

For these reasons, which are explained in greater detail below, the Court should dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II.    BACKGROUND AND PROCEDURAL HISTORY

### A.    The Mortgage Loan and Foreclosure Action[2]

On December 23, 2003, Plaintiff executed a $65,836.00 promissory note (the "Note") in favor of Countrywide Home Loans, Inc. (the "Loan"), which was secured by a mortgage (the "Mortgage") (together the Note and Mortgage are collectively referred to as the "Loan Documents") against her principal residence located at 614 Felton Ave., Sharon Hill, PA 19079 (the "Property"). Under the terms of the Note, assuming that all Loan payments were timely made, the Loan was set to mature on January 1, 2019 (the "Maturity Date").[3]

The Mortgage was recorded in the Delaware County Land Records on January 9, 2004, in Book 3058, Page 2317[4], and eventually assigned to Kingsmead Asset Holding Trust

---

[2] In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir.2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may also be considered. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir.2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

[3] A true and correct copy of the Note is attached hereto as Exhibit 1.
[4] A true and correct copy of the recorded Mortgage is attached hereto as Exhibit 2.

("Kingsmead") (c/o the loan servicer, RoundPoint), through an Assignment of Mortgage dated

July 19, 2019 and recorded in the Delaware County land records on July 29, 2019, in Book 6362,

Page 205.[5]

Plaintiff defaulted under the terms of the Loan Documents by failing to make the required

monthly payments, and, as a result, Newlands Asset Holding Trust ("Newlands"), the Mortgage

assignee at the time and predecessor to Carisbrook/RoundPoint, accelerated the Mortgage loan and

filed a foreclosure complaint against Plaintiff on June 2, 2016, in the Delaware County Court of

Common Pleas, under docket number 2016-004785.[6]   Notably, the Loan never matured because

the Plaintiff defaulted and the Foreclosure Action was filed nearly 2.5 years before the Loan was

set to mature.

According to the docket report, Plaintiff was served with process in the Foreclosure Action

on September 30, 2016.  *See* Exhibit 4, at 10/6/16 entry.  However, Plaintiff failed to file an answer

or otherwise contest the Foreclosure Action, and, as a result, default Judgment was entered against

her on November 17, 2016, in the amount of $81,132.23.[7]

### B.      The Bankruptcy Case and Adversary Complaint

On May 13, 2019, Plaintiff filed a voluntary petition for relief under Chapter 13 of the

United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of

Pennsylvania at Case No. 19-13107 (MDC) (the "Bankruptcy Case").   On July 22, 2019,

RoundPoint, as servicing agent for Carisbrook, filed a Proof of Claim in Plaintiff's Bankruptcy

Case, followed by an Amended Proof of Claim on October 22, 2019, asserting a secured claim

---

[5] A true and correct copy of the recorded Assignment Mortgage is attached hereto as Exhibit 3
[6] A true and correct copy of the docket report for the Foreclosure Action is attached hereto as Exhibit 4.
[7] A true and correct copy of the entered Judgment is attached hereto as Exhibit 5.

3

with respect to the Property in the amount of $118,075.08[8] (the "Claim").  On August 26, 2019, the Claim was transferred from Kingsmead to RoundPoint.  *See* Bankruptcy Case, Dkt. 24.

On December 18, 2019, Plaintiff commenced the within adversary proceeding by filing her Complaint against RoundPoint at Adversary Case No. 19-00247 (MDC).  Plaintiff's Complaint attaches an appraisal for the Property and asks the Court for an Order determining the value and extent of RoundPoint's lien, which Plaintiff believes to be $65,000.  *See generally*, Compl. Plaintiff specifically seeks an Order which (1) determines the value of the Property to be $65,000; and (2) "crams down" the amount of RoundPoint's claim to $65,000.  *Id*.  Plaintiff requests this relief based on the mistaken belief that her Mortgage has matured, and therefore, the anti-modification clause of 11 U.S.C. § 1322(b)(2) does not apply in this case.  *Id.*  As explained below, Plaintiff is incorrect.

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(1) Subject Matter Jurisdiction

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution.  *See* U.S. Const. Art. III, § 2; *Phila. Fed 'n of Teachers v. Ridge,* 150 F.3d 319, 323 (3d Cir. 1998).  Thus, a federal court has an independent duty to assure itself that it has jurisdiction over a case before reaching the merits of a matter. *See United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012).

Bankruptcy court jurisdiction is governed by 28 U.S.C. § 1334(b).  When applicable, the *Rooker–Feldman* doctrine serves to divest a bankruptcy court of jurisdiction that it might otherwise have exercised under 28 U.S.C. § 1334(b).  *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (referring to the *Rooker–Feldman* as "divest[ing]" the court of its subject matter jurisdiction).

---

[8] In the Complaint, Plaintiff alleges that RoundPoint filed a proof of claim in the amount of $116,294.60 (*see* Compl. ¶ 5); however, that appears to be another oversight, as the actual claim amount is $118,075.08.  *See* Compl., Ex. A.

4

As discussed below, the *Rooker-Feldman* doctrine bars Plaintiff's attempt to challenge the default Judgment that was determined to be valid in the Foreclosure Action, and Plaintiff's Complaint must be dismissed for this reason alone.

**B.     Standard For Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated into the Bankruptcy Code by Bankruptcy Rule 7012, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inference must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted).  The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations omitted).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 23 91974)).

To survive a motion to dismiss, the plaintiff must have "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Allegations giving rise to an inference of "the mere possibility of misconduct" are insufficient to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 662.

**IV.     LEGAL ARGUMENT**

5

A.    **The _Rooker-Feldman_ and _Res Judicata_ Doctrines Bar Plaintiff's Complaint**

Despite couching the Complaint as an adversary proceeding to determine the value and extent of RoundPoint's lien, Plaintiff's true objective is to have this Court reduce the amount of the state court's foreclosure Judgment.  In doing so, Plaintiff ignores two fundamental legal doctrines that preclude this Court from considering Plaintiff's arguments.  First, the _Rooker-Feldman_ doctrine deprives this Court of jurisdiction to review the state court' foreclosure Judgment, which is entitled to full faith and credit in this Court.  Second, to the extent that this Court determines that it has jurisdiction to review the validity of the Judgment, _res judicata_ prevents this Court from undermining the Judgment that Plaintiff had every opportunity to challenge, but failed to do so in state court.

1.    _The Rooker-Feldman Doctrine_

This Court lacks jurisdiction to adjudicate whether the Judgment is in the appropriate amount, and should therefore dismiss Plaintiff's Complaint in its entirety, with prejudice.  Under the _Rooker-Feldman_ doctrine, federal courts do not have subject matter jurisdiction to review final judgments of state courts.  _Rooker v. Fidelity Trust Co._, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); _District of Columbia Court of Appeals v. Feldman_, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The _Rooker-Feldman_ doctrine is implicated where, in order to grant the relief sought by a plaintiff, a federal court must determine that a state court judgment was erroneously entered, or must take action that would render that state court judgment ineffectual.  _FOCUS v. Allegheny County Court of Common Pleas_, 75 F.3d 834, 840 (3d Cir. 1996).  Accordingly, in conducting a _Rooker-Feldman_ inquiry, the Court asks if (1) the federal claim was already litigated in state court before the filing of the federal action, or (2) the federal claim is inextricably intertwined with the state adjudication.  _Knapper_, 407 F.3d at 581.  A federal claim is inextricably intertwined with a state adjudication when "(1) the federal court must determine that the state court

6

judgment was erroneously entered in order to grant the requested relief, or (2) the federal court

must take action that would negate the state court's judgment." *Id*.

The Third Circuit has repeatedly held that *Rooker-Feldman* prevents a borrower from

attacking a mortgage in federal court after the mortgage was the subject of a state foreclosure

judgment. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (finding that *Rooker-Feldman* precludes

bankruptcy courts from reviewing state court decisions).   In *Madera*, the court rejected the

borrowers' challenge to the validity of their mortgage brought in bankruptcy court after the

foreclosure judgment had been entered in a state court action:

> ... *Rooker-Feldman* precluded their [the lower federal courts]
> jurisdiction over the Maderas' rescission claim because that claim
> was inextricably intertwined with the Court of Common Pleas'
> foreclosure judgment.  They reasoned that granting rescission would
> amount to finding that no valid mortgage existed, which would
> negate the foreclosure judgment, as a "mortgage foreclosure action
> depends upon the existence of a valid mortgage."

*Id.  See also, Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d

Cir. 2010) (concluding that *Madera* and *Knapper* are consistent with the application of the *Rooker-*

*Feldman* doctrine).  The *Rooker-Feldman* doctrine even applies to claims that were litigated in

state court, as well as claims that could have been litigated there.  *See e.g. ITT Corp v. Intelnet*

*Int'l Corp.*, 366 F.3d 205, 210-11 (3d Cir. 2004).

Further, the Third Circuit has held that, even where the mortgagor defaulted in the state

court foreclosure proceeding, so long as the "gravamen" of claims raised in the subsequent federal

proceeding relate to the mortgagee's basis for bringing the foreclosure action, that latter action is

essentially an improper appeal of the state foreclosure action and is barred by *Rooker-Feldman*.

*See Laychock v. Wells Fargo Home Mortgage*, 399 Fed. Appx. 716, 718-19 (3d Cir. 2010); *Gage*

*v. Wells Fargo Bank, N.A.*, 521 Fed. Appx. 49, 51 (3d Cir. 2013) (concluding that the plaintiff

7

cannot evade the *Rooker–Feldman* doctrine, since the "complaint reveals the nature of [the plaintiff's] claims against Wells Fargo: the bank had no right to foreclose on the property and therefore committed 'criminal acts' by enforcing the foreclosure judgment ...."); *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. Appx. 149, 153–54 (3d Cir.2008) (plaintiff's claims in federal court action that state foreclosure judgment had been premised on a mortgage fraud scheme and that bank did not have standing to bring the foreclosure action were barred by prior foreclosure judgment).

Similarly, multiple bankruptcy courts and district courts within the Third Circuit have recognized the application of *Rooker-Feldman* to bar claims that would negate the effect of prior state court judgments. *See In re Dougal*, 395 B.R. 880 (Bankr. W.D.Pa. 2008) (holding that *Rooker-Feldman* prevented borrowers from pursuing rescission claim on mortgage that was the subject of a prior state court judgment); *Lewis v. PennyMac Corp.*, 2016 WL 2901707, at *3 (D.N.J. May 18, 2016) (concluding that the court did not have jurisdiction, under the *Rooker–Feldman* doctrine, because "[t]he gravamen of Plaintiff's Complaint is that Defendants had no right or standing to foreclose on the Property."); *Stewart v. Chase Bank*, 2013 WL 4041963, at *9 (W.D.Pa. Aug. 8, 2013) (holding, in a case with facts "almost identical" to *Madera*, that neither the district court nor the bankruptcy court had subject matter jurisdiction under *Rooker–Feldman* to grant the rescission requested by the debtors).

Notably, courts within the Third Circuit have also applied the *Rooker-Feldman* doctrine to bar debtors' objections to proofs of claim, which is essentially what Plaintiff is attempting to accomplish here. *See In re Deitch*, 533 B.R. 138 (E.D.Pa. 2015) (holding that *Rooker-Feldman* deprived the bankruptcy court of jurisdiction to rule on debtor's objection to proof of claim); *In re*

8

*Washington*, 469 B.R. 587 (Bankr. W.D.Pa. 2012) (finding that *Rooker-Feldman* barred debtor's challenge to proof of claim).

Here, like so many cases before, Plaintiff cannot escape the application of *Rooker-Feldman*. By any fair reading, Plaintiff's Complaint is a clear attack on the finality of the foreclosure Judgment against her, which Plaintiff had every opportunity to litigate in state court, but failed to do so. Thus, whether styled as an adversary Complaint, a defense in the Foreclosure Action, an Objection to RoundPoint's Proof of Claim, or otherwise, Plaintiff's Complaint impermissibly seeks a determination from this Court that would patently undermine the state court's foreclosure Judgment, specifically by reducing its amount without any regard to the underlying loan obligations agreed to – and breached – by Plaintiff. Such a finding would clearly negate the state court Judgment entered against Plaintiff, and that result is precisely what *Rooker-Feldman* prohibits. *See Madera* and *Knapper*, *supra*.

Further, where, as here, the default judgment has been entered by the state court, the Full Faith and Credit statute, 28 U.S.C. § 1738, requires such Judgment be accorded the same respect and finality in federal court it would receive in its state of origin. *McDonald v. City of West Branch*, 466 U.S. 284, 287, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984). It is inappropriate, therefore, for the Bankruptcy Court to disrupt a perfectly valid judgment of the state court. The only apparent exception to this rule of federal-state comity is where, unlike here, the judgment is void *ab initio*. *See e.g.*, 11 U.S.C. §§ 544 (allowing bankruptcy courts to invalidate judgments predicated upon fraudulent conveyances). Because the state court Judgment against Plaintiff was valid and the Foreclosure Action was not fraudulent, Plaintiff cannot attack the state court Judgment at this stage.

9

Regardless, Third Circuit precedent makes clear that this Court lacks subject matter jurisdiction to even consider Plaintiff's Complaint, and it should be dismissed, with prejudice.

**2.** *__The Res Judicata Doctrine__*

Should this Court determine that *Rooker-Feldman* is inapplicable, *res judicata* nonetheless precludes Plaintiff from now challenging the amount of the Judgment that was confirmed by the state court. Indeed, this Court has recognized the applicability of *res judicata* as follows:

> The preclusive effect of a state-court decision in a subsequent federal proceeding is grounded in 28 U.S.C. § 1738, which provides:

> Acts, records and judicial proceedings [of any court of a State, Territory, or Possession of the United States] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

> 28 U.S.C. § 1738. Under § 1738, a bankruptcy court must look to Pennsylvania law to ascertain the preclusive effect, if any, of a judgment entered in a Pennsylvania state court. *See, e.g. In re Harland*, 235 B.R. 769 (Bankr. E.D.Pa. 1999); *In re Moran*, 413 B.R. 168 (Bankr. D. Del. 2009).

> Under Pennsylvania law, a prior judgment precludes a subsequent action when the two actions possess commonality of the parties and commonality of issues. *See, e.g. Daley v. A.W. Chesterton, Inc.*, 614 Pa. 335, 37 A.3d 1175, 1189–90 (Pa. 2012); *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (applying Pennsylvania law). When these requirements are met, a final judgment on the merits is conclusive of the parties' respective rights and bars a subsequent action involving the same claim, demand, or cause of action and issues. In other words, a final judgment precludes parties from relitigating claims that were part of the previous cause of action. *See Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 587 Pa. 590, 902 A.2d 366, 376 (Pa. 2006); *R/S Financial Corp. v. Kovalchick*, 552 Pa. 584, 716 A.2d 1228, 1230 (Pa.1998); *see also In re Stevenson*, 615 Pa. 50, 40 A.3d 1212, 1222 (Pa.2012) (stating these principles and citing federal case law). Importantly, *__among the claims precluded are defenses that could have been, but were not, raised in the prior proceeding that concluded with the entry of an adverse judgment__*. *See Balent v. City*

10

> *of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995); *Robinson Coal Co.
> v. Goodall*, 72 A.3d 685, 689–90 (Pa.Super.Ct. 2013); *Stuart v.
> Decision One Mortg.   Co., LLC*, 975 A.2d 1151, 1152–53
> (Pa.Super.Ct. 2009) ("A default judgment is res judicata with regard
> to transactions occurring prior to entry of judgment.")

*In re Razzi*, 533 B.R. 469, 475 (Bankr. E.D.Pa. 2015).

Here, the elements of *res judicata* are met and bar Plaintiff's back-door attempt to attack

the Judgment entered against her.   First, it is undisputed that the Delaware County Court of

Commons Pleas entered the default Judgment against Plaintiff in the Foreclosure Action.  Plaintiff

makes no allegations in her Complaint to the contrary.  *See generally*, Complaint.  Second, without

question, RoundPoint, as the servicer for Kingsmead, stands in privity with Newlands, by virtue

of the Assignment of Mortgage recorded on July 29, 2019.   Third, the purported claims set forth

in the Complaint arise out of the Mortgage that formed the basis for the Foreclosure Action.

Specifically, Plaintiff seeks a determination as to the amount of the Mortgage lien – the same

Mortgage that was the subject of the Foreclosure Action.   As a practical and very real matter,

Plaintiff in this adversary proceeding challenges the identical Mortgage upon which the Judgment

in the Foreclosure Action is based, and the facts which form the basis of the attack have not

changed.   Plaintiff is simply unhappy that her Property's value never appreciated to an amount

more than she agreed to borrow and repay, and now seeks to undermine the validity and finality

of the foreclosure Judgment.

While it is true that the amount of the Mortgage lien was never contested in the Foreclosure

Action, Plaintiff clearly had the right and opportunity to make that challenge.  The fact that Plaintiff

chose not to do so and instead allowed a default Judgment to be taken does not somehow invalidate

the application of *res judicata*.  To the contrary, it reinforces both it and the principals of finality

upon which it is based.  "*Res judicata* applies not only to claims that *were* made but also to claims

11

*could have* been made." *Stuart*, 975 A.2d at 1152.  Consequently, *res judicata* bars Plaintiff's

Complaint in this Court, and the Complaint should be dismissed with prejudice.

> **B.      The Anti-Modification Exception Set Forth In 11 U.S.C. § 1322(c)(2) Does Not
> Apply In This Case.**

Assuming that Plaintiff can overcome the doctrines of *Rooker-Feldman* and *res judicata*

(which she cannot), her Complaint must still be dismissed under Fed. R. Civ. P. 12(b)(6) because

it fails to state a claim upon which relief can be granted.  Specifically, Plaintiff asks this Court to

ignore the anti-modification provision of 11 U.S.C. 1322(b)(2), and "cram down" RoundPoint's

$118,075.08 secured claim to $65,000, by invoking what she incorrectly believes to be an

allowable exception provided by 11 U.S.C. § 1322(c)(2).  Plaintiff's reasoning, however, as made

clear from the face of her Complaint, is unsupported by any binding precedent, and is relies on a

misrepresentation of facts.

In general, the anti-modification clause in § 1322(b)(2) of the Bankruptcy Code protects a

mortgagee from having its claim in a Chapter 13 bankruptcy proceeding modified, if the mortgage

is secured "***only by a security interest in real property that is the debtor's principal residence***."

See 11 U.S.C. § 1322(b)(2) (emphasis added).  According to the Complaint, Plaintiff attempts to

overcome this hurdle by invoking an exception set forth in § 1322(c)(2), which states:

> (c) ***Notwithstanding subsection (b)(2)*** and applicable nonbankruptcy law –
>
>                               …
>
> > (2) in a case which the last payment on the original payment
> > schedule for a claim secured only by a security interest in real
> > property that is the debtor's principal residence is due before the
> > date on which the final payment under the [bankruptcy
> > confirmation] plan is due, ***the [bankruptcy confirmation] plan may
> > provide for the payment of the claim as modified*** pursuant to
> > section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2) (emphasis added).  However, despite Plaintiff's allegations to the contrary,

the § 1322(c)(2) exception simply does not apply to this case.

12

In Plaintiff's eyes, the anti-modification exception permitted by § 1322(c)(2) should trigger here because Plaintiff's Mortgage allegedly "matured" naturally before the final payment under a confirmed bankruptcy plan could become due.   *See* Compl., ¶ 15.   In other words, Plaintiff contends that she is entitled to a "cram down" simply because her original Loan Documents identified a loan maturity date (January 1, 2019) that predated RoundPoint's proof of claim and any yet-to-be determined final payment date under a confirmed repayment plan.   In an attempt to create the appearance of legal support, Plaintiff goes on to generally reference a few cases in her Complaint from Tennessee (*In re Young*, 199 B.R. 643 (Bankr. E.D. Tenn. 1996)), the Eleventh Circuit (*American Gen. Fin., Inc. v. Paschen* (*In re Paschen*), 296 F.3d 1203 (11th Cir. 2002), and a few others in footnotes; however, none are on all squares with the facts of this case.

Most critically here, Plaintiff's Mortgage never actually matured on January 1, 2019, as contemplated under the Loan Documents.   Rather, as evidenced by the entry of the default Judgment, Plaintiff's Mortgage was accelerated and reduced to a Judgment on November 17, 2016, which clearly predated Plaintiff's Chapter 13 Bankruptcy Petition.   Upon entry of a foreclosure judgment "the terms of a mortgage [and note] are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties."   *In re Cohen-Harvin*, 571 B.R. 672, 675 (Bankr. E.D. Pa. 2017) (citing *In re Stendardo*, 991 F.2d 1089, 1094–95 (3d Cir. 1993)).   Therefore, to the extent Plaintiff contends that a § 1322(c)(2) exception should apply here, she is incorrect.   Indeed, under the merger doctrine, the original maturity date of Plaintiff's Mortgage ceased to exist upon entry of the Judgment and the Mortgage never matured; therefore, the originally contemplated maturity date has no impact on the anti-modification clause of § 1322(b)(2).

13

Further, Plaintiff's Complaint fails to cite any binding or precedential authority to support the "cram down" relief sought, let alone any from this jurisdiction.  The reason is likely because this Court has squarely addressed this very issue, and rejected it.  In *In re Bernadin*, 609 B.R. 26 (Bankr. E.D.Pa. 2019), just as is the case here, a Chapter 13 debtor-mortgagor filed an adversary complaint against the assignee of her mortgage debt and loan servicer, which, among other things, sought to reduce the amount of the mortgagee's secured claim against her principal residence.  As grounds to do so, the mortgagor attempted to invoke the exception set forth in § 1322(c)(2) in an effort to override § 1322(b)(2)'s anti-modification clause.  And, while not entirely clear from the pleadings themselves, the impetus behind the mortgagor's adversary complaint was that her mortgage matured as a result of the mortgagee's acceleration of the loan and foreclosure.  To resolve this issue on the mortgagee's motion to dismiss, the Court looked to several other courts within the Third Circuit, and others, which previously held that  the same alleged exception to the anti-modification provision of § 1322(b)(2), i.e., § 1322(c)(2), ***did not*** apply to mortgage debt that had been accelerated and reduced to a prepetition foreclosure judgment.  *See, e.g., In re Goione*, 595 B.R. 477, 486 (Bankr. D.N.J. 2019) (holding that § 1322(c)(2) does not encompass long-term mortgages that have been reduced to a foreclosure judgment); *see also In re Hinds-Santiago*, 2015 WL 239211 (Bankr. S.D. Fla. Jan. 15, 2015); *In re Anderson*, 458 B.R. 494 (Bankr. E.D. Wis. 2011); *In re Duran*, 271 B.R. 888 (Bankr. D. Wy. 2001).

In its analysis, the *Bernadin* Court went into significant detail describing the legislative backdrop of the relevant sections of the Bankruptcy Code, and even attempted to reconcile differing interpretations of the terminology "original payment schedule," for purposes of determining whether accelerated mortgages would affect the payment schedule of a confirmed bankruptcy plan.  However, the Court's ultimate determination to dismiss the mortgagor's

14

complaint in *Bernadin* turned on whether Congress intended § 1322(c)(2) to include accelerated

loans and foreclosure judgments so that the last payment of those types of debts became "due

before the date on which the final payment under the [bankruptcy confirmation] plan is due," *In

re Bernadin*, 609 B.R. at 46 (citing *In re Rowe*, 239 B.R. 44 (Bankr. D.N.J. 1999) ("[H]ad Congress

intended § 1322(c)(2) to include accelerated loans and foreclosure judgments so that the last

payment of those types of debts became 'due before the date on which the final payment under the

plan is due,' the phrase 'original payment schedule' – referring to the unaltered remittance

timetable - would have been omitted").

As explained above, Plaintiff's Mortgage never actually matured, so the only relevant

threshold question  here for the Court is whether Plaintiff's Mortgage was accelerated and merged

into a judgment, which indeed occurred.  Accordingly, for the same reasons discussed by the Court

in *Bernadin* and the others listed above, the exception set forth in § 1322(c)(2) and relied upon by

Plaintiff in her Complaint, does not apply here.

Moreover, it bears mentioning that a cursory review of the docket for Plaintiff's main

Bankruptcy Case confirms that no repayment plan has been approved by the Court, and, more

importantly, the entire case is subject to the Trustee's Motion to Dismiss based on the inadequacy

of the proposed plan.  *See* Dkt. Nos. 22, 29, 33, and 37 ("There has been unreasonable delay by

the debtor that is prejudicial to creditors pursuant to 11 U.S.C. section 1307(c)(1) by failing to

propose an adequately funded plan, in that the total filed proofs of claim which are to be paid

through the plan exceed the value of the plan."  Thus, Plaintiff's entire Complaint is a textbook

example of putting the proverbial horse before the cart.  Indeed, there is no approved plan for the

Court to even consider, so any dates relating to such a plan are purely fictional and cannot serve

as the basis for "cram down" relief in Plaintiff's Complaint.

15

In sum, there can be no question that the general anti-modification clause of § 1322(b)(2) applies here, while Plaintiff does not, and cannot, allege any facts  the contrary.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, RoundPoint respectfully asks that the Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and grant it such other relief this Court deems just and proper.

Respectfully submitted,

**BLANK ROME LLP**

Dated: January 22, 2020                    By:    */s/ Thomas M. Brodowski*
                                                    Thomas M. Brodowski
                                                    130 North 18th Street
                                                    Philadelphia, PA 19103
                                                    215-569-5589
                                                    215-231-0048
                                                    TBrodowski@BlankRome.com

                                                    *Attorneys    for    RoundPoint    Mortgage Servicing Corporation*

16